UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINNY W., | ) |
|       Plaintiff | ) |
| v. | ) 1:24-cv-00213-JCN |
| MICHELLE KING, Acting Commissioner of Social Security, | ) |
|       Defendant | ) |

**MEMORANDUM OF DECISION**

Plaintiff applied for Supplemental Security Income Benefits, alleging a disability beginning in April 2019. Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but could perform jobs that exist in significant numbers in the national economy. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, the Court vacates the administrative decision and remands the matter for further proceedings.

## THE ADMINISTRATIVE FINDINGS

Defendant's final decision is the August 30, 2023, decision of the Administrative Law Judge.[1]  (ALJ Decision, ECF No. 7-2.)  The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level, impairments of degenerative disc disease, fibromyalgia, bipolar disorder, depression, anxiety, attention-deficit/hyperactivity disorder, and post-traumatic stress disorder.  (R. 20.)  The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform light work with some limitations.  (R. 23.)  Based on the RFC finding, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy.  (R. 29.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring

---

[1] Because the Appeals Council found no reason to review the decision (R. 1),  Defendant's final decision is the ALJ's decision.

evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ, in formulating Plaintiff's RFC, exceeded his qualifications as a lay person and impermissibly made the RFC determination without the benefit of a medical opinion. Defendant argues the RFC was based on commonsense findings and, therefore, supportable.

The ALJ wrote:

> [T]he claimant has the residual functional capacity to perform light work . . . except she must avoid hazards such as heights, vibration, and dangerous machinery; she is limited to only occasional bending, balancing, twisting, squatting, kneeling, crawling, and climbing, but she cannot climb ropes, scaffolds, or ladders; she is capable of simple, routine repetitious work that does not require teamwork or working closely with the public; and she can occasionally interact with coworkers and supervisors, but she can have no public interaction.

(R. 23.) The ALJ did not rely on an expert medical opinion in the assessment of Plaintiff's RFC resulting from Plaintiff's mental health-related impairments. The ALJ found the relevant expert mental health opinions to be unpersuasive. (*See* R. 27–28.)

An "ALJ must measure the claimant's capabilities and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on the job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional

capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."). Furthermore, an ALJ is not required to adopt one medical expert opinion when developing a claimant's RFC. An ALJ can permissibly "pick and choose among different expert opinions." *Ball v. Soc. Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *4 (D. Me. Mar. 2, 2015).

In support of the RFC findings, the ALJ cites medical records that he suggests reflect normal or nearly normal functioning. For instance, the ALJ notes that Plaintiff's mood and affect have been appropriate, she has been cooperative and comfortable, she has intact memory, and she has not been in acute distress. (R. 26.) The ALJ also cites Plaintiff's reports that she is "doing okay" and some of her activities, including that she is in a relationship and cares for her grandchild. (*Id.*)

The ALJ, however, did not explain and it is not otherwise apparent how the medical findings translate to a particular RFC. Given that the ALJ did not rely on an expert's opinion to support the RFC finding, the ALJ impermissibly developed an RFC based in part on his interpretation of medical information. *See, e.g., Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *2 (D. Me. Mar. 15, 2017); *Chantal E. v. Kijakazi*, No. 2:22-cv-00126-NT, 2023 WL 2806497, at *3 (D. Me. Apr. 6, 2023); *Jonathan D. v. O'Malley*, No. 1:23-cv-00338-NT, 2024 WL 1880475, at *3 (D. Me. Apr. 30, 2024) ("The ALJ rejected the expert opinions and 'necessarily crafted an RFC assessment in part from [his] own assessment of the raw medical evidence.") (quoting *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375, at *4 (D. Me. Dec. 30, 2010)). Furthermore, as in *Vallier v. Berryhill*, the ALJ did not adequately explain, "nor is it apparent, how the activities on

which [he] relied translated as a matter of common sense into [the] limitations" included in the RFC. *Vallier v. Berryhill*, No. 1:17-cv-00064-DBH, 2017 WL 5665539, at *3 (D. Me. Nov. 26, 2017).

The ALJ's lay interpretation of medical information to develop Plaintiff's RFC is not harmless error. At least some of the expert opinions rejected by the ALJ would support greater restrictions than the ALJ included in his RFC determination. For instance, John S. Hale. Jr., Ed.D., who conducted a psychological evaluation of Plaintiff, concluded:

> [H]er anxiety and tendency to be overwhelmed by her environment likely would limit her ability to follow through on work expectations, as well as, expectations of authority. This would likely also limit her ability to be dependable and reliable. Her coping skills seem to be somewhat limited as she becomes very anxious and overwhelmed. She is more prone to avoid situations than to cope with her environment. She likely would have difficulty dealing with normal stressors and pressures, as well as, being able to persist at a task and to interact effectively with others.

(R. 583.) David Harlan, LCSW, one of Plaintiff's providers, opined that Plaintiff's mood and anxiety disorder "would cause inconsistent performance" and "would likely worsen at times to the point of non-function despite meds & intervention." (R. 696.) Mr. Harlan also found that Plaintiff's condition and treatment would cause her to miss work about three days each month. (*Id.*)

Because the ALJ did not supportably explain how the medical findings in the record translate to his RFC determination, because the ALJ impermissibly interpreted medical information in the formation of Plaintiff's RFC, and because expert opinion evidence of record would support greater restrictions on Plaintiff's work capacity, remand is warranted.

## CONCLUSION

Based on the foregoing analysis, the Court vacates the administrative decision and remands the matter for further proceedings.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of January, 2025.